UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

UNITED STATES OF AMERICA,

v. 607CR003

JEROME GREGORY TURNQUEST,

Defendant.

## ORDER

Jerome Gregory Turnquest filed a motion pursuant to F.R.Civ.P. 60(b), asking the Court to grant him relief from judgment. Doc. # 52 at 2. In particular, he argues that this Court, in sentencing him following his guilty plea, improperly relied on prior convictions for which he was never actually "adjudicated guilty on the record" as required by the sentencing guidelines. *Id.* at 10. Additionally, he claims that his attorney was ineffective by failing to "ma[k]e adequate appropriate investigation [sic] into [Turnquest's] prior convictions" (whereby the attorney would have discovered the "not adjudicated guilty" issue described above). *Id.* at 14. Turnquest avers that if his counsel had investigated and discovered the inapplicability of his prior convictions, he would have been able to object to their consideration at sentencing, which could have made Turnquest "eligible for a much lower sentence." *Id.* at 14. As a result, he claims, the Court should "grant his 60(b)(4) and (6) motion on the merits of his pleading," and the Court's judgment should thereby be "void, vacated, and set aside and [his] case should be remanded for re-sentencing." *Id.* at 15.

The Court cannot grant Turnquest's motion, as *civil* rules of procedure, such as F.R.Civ.P. 60(b), may not be used as vehicles for relief in a *criminal* case. *See U.S. v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.").

Nonetheless, as Turnquest seeks to "vacate and set aside" his sentence due to the alleged ineffective assistance of his counsel, his claim may be properly considered pursuant to 28 U.S.C. § 2255. However, before this Court can recharacterize his motion as a § 2255 motion, it must first – per the Supreme Court's instructions in *Castro v. U.S.* – warn Turnquest about the successive restrictions that will apply. 540 U.S. 375, 383 (2003). Turnquest is cautioned that if the Court considers his pleading pursuant to § 2255, he is likely to be barred in the future from filing a second or successive motion under § 2255. As a result, he should include all available grounds for § 2255 relief in his initial § 2255 motion.

Turnquest is therefore advised that he may: (1) have his motion ruled upon as filed (which presently alleges only that his attorney was ineffective by failing to object at sentencing to the consideration of certain prior convictions); (2) amend his motion to include any other claims related to his guilty plea, appeal, and resulting term of imprisonment; or (3) withdraw his motion entirely. The Court reminds Turnquest that if he chooses to withdraw his motion at this time, any subsequent § 2255 motion must be filed within the one-year statute of limitations set forth in 28 U.S.C. § 2255.

Turnquest is thus granted thirty days from the date of this order to supplement his motion, if he so desires, or to notify the Court that he wishes to withdraw his motion. If he does not supplement the instant motion or provide notification of his intent to withdraw the motion at the end of thirty days, the Court will recharacterize the motion and proceed to rule on it as filed pursuant to § 2255, on the single issue of whether Turnquest's counsel was ineffective for failing to object at his sentencing.

Accordingly, defendant Jerome Gregory Turnquest's motion "pursuant to F.R.Crim.P. 57(b) and F.R.Civ.P. 60(b)(4) & (6),"[1] doc. # 52, is **DEFERRED** pending his response to the *Castro* warning set forth *supra*.

This day of 6 April 2009.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Turnquest has also cited to F.R.Crim.P. 57(b), although he has offered no argument as to how it should apply here. That rule provides only that "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district...." F.R.Crim.P. 57(b). Although the rule is applicable here to the extent that it governs criminal – and not civil – proceedings, it is nonetheless of no effect, as it does not provide a judge with the discretion to apply a rule of *civil* procedure such as F.R.Civ.P. 60(b) in a *criminal* proceeding, especially where case law clearly prohibits such an application.